UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEWARD PARTNERS GLOBAL ADVISORY, LLC, et al., <br><br>                    Plaintiffs, <br><br>         -against- <br><br> TRAVIS TUCKER, <br><br>                    Defendant. | 23-CV-6532 (JGLC) <br><br> **OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

      Steward brings this action against Travis Tucker, a former employee of the company. Steward claims that after Tucker's employment with the company was terminated, Tucker engaged in a series of misconduct that violated a separation agreement entered into between the parties. Specifically, Steward claims that Tucker disparaged the company, visited its offices without permission, and failed to return company property. Steward then stopped paying Tucker severance payments under their agreement and initiated this lawsuit against him, asserting breach of contract and other quasi-contract claims. Tucker previously moved to partially dismiss the action, which was granted in part and denied in part, but the Court granted Steward leave to amend the breach of contract claim. Steward amended the complaint, and Tucker has once again moved to dismiss, arguing that Steward failed to state viable contract claims and arguing that Steward's alleged breach of the non-disparagement provision is barred by the Speak Out Act.

      The Court agrees that the Amended Complaint fails to adequately allege, beyond mere conclusory allegations, that Tucker's post-termination visits to the office violated the parties' agreement. However, Plaintiffs' allegation that Defendant breached the non-disparagement provision of their agreement plausibly states a claim and is not, at this juncture, barred by the

Speak Out Act. As such, Tucker's motion to dismiss is GRANTED in part and DENIED in part. The Court also grants Plaintiffs one final chance to amend their complaint.

## BACKGROUND[1]

### I. Facts

The following facts are, unless otherwise noted, taken from the Amended Complaint[2] and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Plaintiffs Steward Partners Global Advisory, LLC, Steward Partners Holdings, LLC, ("SPH") and Steward Partners Management Holdings (collectively "Steward" or "Plaintiffs") are "an employee-owned, full-service partnership" that provide various financial services to investors. ¶ 1. Defendant Travis Tucker ("Tucker") was employed as a financial advisor at Steward from May 14, 2014, until his involuntary termination on June 15, 2021. *Id.* As part of his employment, Defendant was issued membership units in Management Holdings and equity ownership in SPH (collectively, "Units"). *Id.*

Following Tucker's termination, the parties entered into a Separation Agreement, effective July 23, 2021, and a Redemption Agreement. ¶¶ 1, 24; ECF No 18-1. The Separation Agreement imposed conditions on Tucker and in exchange, under the Redemption Agreement, Steward would redeem Tucker's Units for $220,402.56 ("Redemption Price") commencing July 31, 2021, and payable in twenty (20) equal quarterly installments ("Redemption Payments"). ¶ 26. The Separation Agreement additionally stated that if Defendant "default[ed]," the Redemption Price would be reduced to $0, and Defendant would need to repay Steward the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

[2] All ¶ references herein refer to the Amended Complaint ("Am. Compl.") at ECF No. 28 unless otherwise noted.

Redemption Payments already received. ¶ 27. After execution of the Separation Agreement and Redemption Agreement, Steward began paying the Redemption Payments. ¶ 30.

### A. Tucker's Visits to Steward's Office Post Termination

On November 15, 2021, and at other times after the execution of the Separation Agreement, Defendant entered the Steward Andover branch office and accessed and used Steward computer systems and "confidential and proprietary" information therein to make trades. ¶ 32. On November 16, 2021, Steward instructed Defendant not to come into the office or continue engaging in unauthorized activities. ¶ 33. Despite this, Defendant continued to engage in securities trading activities and directed Steward personnel to place securities trades until February or March of 2022. *Id.* In response, Steward sent Defendant a letter on March 14, 2022, demanding that he cease his unauthorized conduct and close all of his Steward accounts within thirty days. ¶ 34. Tucker did not close his Steward accounts as directed for at least another six months. *Id.*

### B. Tucker's Affidavit in Support of Female Employee at Steward

A female employee of Steward claimed that she was sexually harassed by Steward employees and leadership. That employee complained to Steward about this alleged harassment in April 2018 and on June 14, 2021. ¶ 36. On May 14, 2022, Tucker signed an affidavit in support of that employees' allegations of harassment. In the affidavit, he stated that two male employees of Steward engaged in sexual harassment of this female employee. *Id.*; ECF No. 18-4. He also stated nothing was done about the alleged sexual harassment and that management at Steward failed to intervene. ¶ 37. He further claimed that the Divisional President only came into the office on one occasion over the course of three years, and that under the Division President's

leadership there was a lack of supervision. ¶ 38. And, he claimed an employee brought a loaded gun into the Steward office. *Id.* These statements were subsequently published in media. *Id.*

On June 9, 2022, Steward informed Defendant through a letter and email exchange ("June 9 Letter") that Defendant's statements in connection with his affidavit were in violation of Defendant's contractual obligation to refrain from making "any disparaging or negative statements concerning . . . [Steward]. . . or any of its current . . . employees." ¶ 40. Defendant acknowledged the June 9 Letter in an email response. ¶ 41.

### C. Steward Notifies Tucker of Separation Agreement Default

On September 7, 2022, Steward sent a letter ("September 7 Letter") to Defendant, notifying him that his actions constituted a "default" of the Separation Agreement. ¶ 42. The September 7 Letter further stated Steward would cease to fulfill future Redemption Payments and would require Defendant to repay Steward the Redemption payments made to date. *Id.* Steward advised Defendant that he must pay interest accrued and attorney's fees. *Id.* Defendant never responded to the September 7 Letter or paid any of the monies outlined therein. ¶ 43.

## II. Procedural History

On July 28, 2023, Plaintiffs filed the complaint in this action. ECF No. 3. On October 2, 2023, Tucker moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 17.

The Court issued an Opinion and Order regarding the motion to dismiss on September 16, 2024. ECF No. 27 (the "Order"). Therein, the Court found Plaintiffs' breach of contract claim was not barred by judicial privilege, *id.* at 10–12, and their quasi-contract claims were not yet subject to dismissal because "it is unclear whether the scope of the parties' contracts cover at least some of the allegations—particularly with respect to Tucker's alleged violation of the

Return of Property clause." *Id.* at 13–14. As relevant to the instant motion, the Court further found that it could not dismiss Plaintiffs' claims to enforce Tucker's non-disparagement agreement under the Speak Out Act because "the Complaint, and documents incorporated therein, do not indicate whether the parties entered into the Separation and Redemption Agreements before the former employee's alleged sexual assault dispute arose." *Id.* at 9–10. The Court also held that Plaintiffs failed to adequately plead that Tucker breached the Separation Agreement by using and accessing Plaintiffs' property. *Id.* at 12. Despite this, the Court granted Plaintiffs leave to amend their complaint to flesh out (1) Tucker's alleged breaches of the non-disparagement clause and (2) how Tucker's visit to Plaintiffs' office violated the Separation Agreement. *Id.* at 16. The Order clarified that while Plaintiffs were permitted to add factual details to flesh out these existing claims, and to reorganize their claims with greater clarity and precision, they could not add any new causes of action not included in the Complaint or discussed in the Order. *Id.* at 17.

On September 27, 2024, Plaintiffs filed their Amended Complaint. ECF No. 28. Defendant Tucker filed a Motion to Dismiss the Amended Complaint (the "Motion") on October 11, 2024. ECF Nos. 30 ("Mot."), 30-1 ("Mem."). Plaintiffs opposed the Motion on October 25, 2024, and Defendant filed his reply on November 1, 2024. ECF Nos. 35 ("Opp."), 37 ("Reply"). The Court held oral argument on the briefing on July 30, 2025.

## LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion only if the plaintiff

5

alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

## DISCUSSION

In the instant Motion to Dismiss, Defendant claims that "the Amended Complaint fails to address either defect [as outlined in the Court's prior Order and Opinion] and violates the Order by, among other things, asserting a new cause of action." ECF No. 30-1 at 1 ("Mem."). Tucker asserts three arguments in support of his motion to dismiss. First, he argues that the Amended Complaint fails to state a breach of contract claim for his post-termination office visits. Second, Tucker argues that the Amended Complaint fails to state a claim for breach of the non-disparagement provision. Finally, Tucker asserts that even so, a claim related to this alleged breach is barred by the Speak Out Act.

The Court addresses each argument in turn, concluding first that Plaintiff's Amended Complaint fails to adequately allege that Tucker's use and access of Steward's office post-termination violated the Separation Agreement. Second, the Court finds that the Amended Complaint satisfactorily alleges a breach of the non-disparagement provision with respect to

Tucker's affidavit. And third, the Court concludes that, at present, this alleged breach is not barred by the Speak Out Act.

I.  **Plaintiffs Fail to Adequately Allege That Tucker's Post-Termination Office Visits Violated the Separation Agreement**

In its September 16, 2024 Order, the Court found that Plaintiffs' allegations were insufficient to plausibly allege that Tucker breached the Separation Agreement by use and access of Plaintiffs' property. Order at 12–13. Nonetheless, the Court permitted Plaintiffs leave to amend. *Id.* at 13. Although Plaintiffs added some language to the Amended Complaint, it remains woefully insufficient to state a claim. This is because "[c]onclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim." *Frontline Processing Corp. v. Merrick Bank Corp.*, No. 13-CV-3956, 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014); *see also Excellent Home Care Servs., LLC v. FGA, Inc.,* No. 13-CV-5390 (ILG), 2014 WL 4258992, at *2 (E.D.N.Y. Aug. 27, 2014) (dismissing cause of action because plaintiff failed "to include sufficient factual material to make its claim plausible").

At oral argument, Plaintiffs repeatedly asserted that all that is required is notice pleading, as outlined by Rule 8 of the Federal Rules of Civil Procedure. While this is true, the Amended Complaint does not pass muster. *See E & L Consulting, Ltd. v. Doman Indus. Ltd.,* 472 F.3d 23, 32 (2d Cir.2006) ("Notice pleading requires at a minimum that the pleading give the opposing party notice of the nature of the claim against it, including which of its actions gave rise to the claims upon which the complaint is based."). Instead, the Amended Complaint contains boilerplate and conclusory allegations of breach, and indeed, fails to notify Defendant of what they claim he did wrong.

Plaintiffs first assert that "Defendant failed to return Steward property." ¶ 32. Plaintiffs however, never identify what property Tucker failed to return. To survive a motion to dismiss,

7

Plaintiff must provide sufficient allegations such that the Court can determine that Plaintiffs' right to relief is plausible. *Ashcroft*, 556 U.S. at 678. The conclusory allegation that Tucker failed to return Steward property—and stating that the contract requires him not to fail to return Steward property—without more, is insufficient.

Plaintiffs next assert that Defendant "continued to take, access, use and/or disclose confidential and proprietary information and property to make trades and engage in other acts or unauthorized business." ¶ 32. Although Plaintiffs cite to a contract provision that defines what constitutes propriety and confidential information, ¶ 25, the Amended Complaint does not state in more than conclusory terms what confidential and proprietary information Tucker accessed, used, or disclosed. Nor does it assert what damages Plaintiffs suffered as a result of this alleged breach. This is insufficient. *See Int'l FCStone Markets, LLC v. Intercambio Mexicano de Comercio S.A. de C.V.*, No. 18-CV-1004 (AKH), 2021 WL 1893630, at *2 (S.D.N.Y. May 11, 2021) (holding that when "pleadings do not include sufficient factual detail regarding what was disclosed, when it was disclosed, or why the disclosures were confidential," they are too vague and conclusory to sustain a breach of contract cause of action); *Leary v. Al-Mubaraki*, No. 18-CV-0048 (LTS) (HBP), 2019 WL 4805849, at *6 (S.D.N.Y. Sept. 30, 2019) (finding that defendant failed to state a claim for breach of contract where defendant had "not alleged any facts from which the Court could plausibly infer that Plaintiff caused any [] damage to" defendant).

Plaintiffs next assert that Defendant "engaged in other acts or unauthorized business, directly and indirectly after his employment was terminated." ¶ 32. As examples, Plaintiffs assert that "Defendant continued to enter Steward's Andover branch office after his termination of employment in violation of the Separation Agreement" and "failed to timely close his own

accounts with Steward." *Id*. Plaintiff does not, however, point the Court to any relevant provision of the Separation Agreement that this conduct violates, and the Court finds none. Additionally, the Amended Complaint fails to allege what accounts Tucker failed to close or which provision of the parties' agreement such failure would violate. This is insufficient to state a claim for breach of contract. *See N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, No. 12-CV-3584 (JCF), 2013 WL 1500333, at *9 (S.D.N.Y. Apr. 12, 2013) ("'Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.'") (quoting *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008)).

Plaintiffs also assert that Defendant "engag[ed] in securities trading activities, and also instruct[ed] and direct[ed] Steward personnel to place securities trades." ¶ 33. The Amended Complaint does not allege what securities trading activities Tucker engaged in, which accounts Tucker traded (whether client accounts or his own), how the alleged trades violated the Separation Agreement, or what damages Plaintiffs suffered as a result. Again, this is insufficient. *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) ("The bare allegations that Defendants [took certain actions] are, without more, conclusory. They are unsupported by any specific facts indicating [what, when, or how these actions occured], or how such a claim translates into damages.").

In sum, Plaintiffs' recitations of boilerplate breaches do not "nudge [the] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. 444 at 547. This conclusion is underscored by the fact that, when asked to do so at oral argument, Plaintiffs were unable to direct the Court to any non-conclusory facts in the Amended Complaint that support their claim. Accordingly, Plaintiffs fail to salvage their claim that Tucker breached the Separation Agreement by use and access of Plaintiffs' property.

Nonetheless, the Court grants Plaintiffs one final opportunity to amend. The standard for granting leave to amend is a liberal one, and one that rests within the Court's discretion. *See Xing v. Jaddou*, No. 24-CV-5322 (JMF), 2024 WL 4698715, at *1 (S.D.N.Y. Nov. 6, 2024) ("[L]eave to amend a complaint should be freely given when justice so requires . . . [and] it is within the sound discretion of the district court to grant or deny leave to amend.") (internal citations and quotation marks omitted). The Court cannot foreclose the idea, based on counsel's statements at oral argument, that there may be a potentially meritorious claim here, notwithstanding the Complaint's lack of detail. Furthermore, in light of Defendant's anticipated counter-claims, there will be no prejudice to Defendant by the delay in allowing Plaintiffs to amend their pleadings one more time.

II.     **Plaintiffs' Breach of Contract Claim Regarding the Non-Disparagement Agreement Survives with Respect to Statements in Tucker's Affidavit**

In the Amended Complaint, Plaintiffs allege that Tucker violated the non-disparagement agreement by making disparaging claims about Steward employees and leadership in an affidavit and that those statements were subsequently published in the media. ¶¶ 36–38. To "disparage" means "to unjustly discredit or detract from the reputation of (another's property, product, or business) and 'disparagement' is defined as a false and injurious statement that discredits or detracts from the reputation of another's property, product, or business." *Cortes v. Twenty-First Century Fox America, Inc.*, 285 F. Supp. 3d 629 at 637 (S.D.N.Y. 2018) (cleaned up). To sufficiently plead that a defendant breached a non-disparagement agreement, a plaintiff's complaint must contain specific factual allegations to support its claim. *See N. Shipping Funds I, L.L.C.,* 2013 WL 1500333, at *9 (collecting cases).

Here, the Amended Complaint sufficiently alleges what Tucker stated, when he stated it, and who it was directed to. Indeed, the Amended Complaint and affidavit assert that Tucker

10

claimed that two male employees at Steward sexually harassed a female employee, that under the Divisional President there was a complete lack of supervision, and that an employee entered the office with a loaded gun. ¶¶ 35–38; ECF No. 18-4. The Amended Complaint further alleges that the statements were provided by Defendant in a former employee's individual post-employment matter with Steward. ¶ 40. The affidavit was executed on May 14, 2022. ECF No. 18-4.

Tucker's statements can be categorized as disparaging towards Steward's "current or former officers, directors, employees, representatives or agents," which is prohibited by the terms of the non-disparagement clause of the Separation Agreement. ECF 18-1 § 4. Tucker's affidavit plausibly detracts from the reputation of Steward by implying that some of its employees behaved inappropriately and unprofessionally. *See Taboola, Inc. v. Ezoic Inc.,* No. 17-CV-9909 (OWS), 2019 WL 465003, at *14 (S.D.N.Y. Feb. 6, 2019) (finding plaintiff's breach of a non-disparagement clause adequately pled where the amended complaint detailed that the defendant told third parties that plaintiff's product was inferior to other competing products, was malfunctioning, and caused a poor experience for users).

Plaintiffs further allege that Tucker's affidavit statements were subsequently published in the media. ¶ 38. The parties dispute the relevance of this allegation. The Court agrees with Defendant that this allegation alone does not constitute a breach of the non-disparagement agreement because Plaintiffs do not allege that Tucker was involved in or caused the article to be published. *See Cortes* 285 F. Supp. 3d at 638 (finding that statements made by third parties based on information provided by someone other than the defendant, do not create liability for the defendant under a non-disparagement clause); *see also Khan v. New York Times Co.*, 710 N.Y.S. 2d 41, 45 (1st Dep't 2000) ("It is axiomatic that a defendant cannot be held liable for a libelous

statement that it did not write or publish."). Nonetheless, the other allegations referenced above are sufficient to state this claim.

### III.  The Court Cannot Now Find That Plaintiffs' Claim Is Barred by the Speak Out Act

Defendant argues that the Speak Out Act bars Plaintiffs' claim that he breached the non-disparagement provision through his statements in the affidavit. *See* Mem. at 18–21. In the Court's initial Order, it held that the Speak Out Act only applies if the non-disparagement provision was agreed to before the sexual harassment dispute arose. *See* Order at 9. Additionally, the Court clarified that any "dispute" here likely arose not when the former employee was allegedly harassed, but when the former female employee raised the sexual harassment allegations with Steward. *Id.* at 8.

In their Amended Complaint, Plaintiffs allege that "the female employee allegedly objected to or complained of harassment, at times before Defendant's termination of employment and his signing of the Separation and Redemption Agreements, including, without limitation, allegedly prior to April, 2018 and on June 14, 2021." ¶ 36. The Separation Agreement went into effect on July 23, 2021, and the affidavit was executed on May 14, 2022. ¶ 24; ECF No. 18-4. Construing these allegations in Plaintiffs' favor and accepting those allegations as true, as the Court is required to do, the Court cannot conclude as a matter of law that the Speak Out Act bars the claim. There are no facts alleged in the Complaint that establish that the dispute arose after Tucker entered into a non-disparagement agreement. Although there may be facts developed during discovery that indicate otherwise, that is an issue for another day. As such, the Court cannot conclude that the Speak Out Act bars Plaintiffs' non-disparagement claim at this time.

## CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiffs are hereby GRANTED leave to amend their pleadings a final time. The Second Amended Complaint shall be filed by no later than **September 15, 2025**. The deadline for the parties to submit their joint letter and proposed Civil Case Management Plan and Scheduling Order is hereby EXTENDED to **September 2, 2025**. The Clerk of Court is respectfully directed to terminate ECF No. 30.

Dated:  August 27, 2025
    New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge